NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-164

R.A.

vs.

W.R.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, W.R., appeals from an order of a Boston Municipal Court judge extending a harassment prevention order for one year issued after notice and a hearing pursuant to G. L. c. 258E, § 3. We affirm.

The defendant "contends that the trial court erred in its acceptance of [the plaintiff's] claims without scrutinizing the veracity and motivations behind them." Specifically, the defendant asserts that the plaintiff lied about the plaintiff's job title, falsely accused him of creating bombs,[1] inaccurately

---

[1] As a matter of fact, the plaintiff testified that the defendant "made several allegations about pressure cooker bombs," not that the plaintiff had manufactured any bombs.

described him as stalking the plaintiff's residence, and was motivated by a desire to divert attention from the defendant's whistleblower claims.  All of these claims, however, are supported only by the defendant's own testimony and a number of highly ambiguous exhibits.

"Our role as a reviewing court is not to reassess credibility determinations made by the hearing judge." Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 397 (2022). "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor' . . . the utmost deference."  Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 185 (2020), quoting Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006).  We are in no position to second guess the judge's credibility determinations

on a cold transcript without seeing the witnesses and how they testified.  Accordingly, we cannot disturb the judge's order.

Order entered November 20, 2023, affirmed.

By the Court (Blake, Ditkoff & D'Angelo, JJ.[2]),

*Paul Little*

Clerk

Entered:  October 31, 2024.

---

[2] The panelists are listed in order of seniority.